**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GUY M. DOMAI,<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS,<br><br>     Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:17-cv-00460<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Guy M. Domai filed the Complaint in this case alleging that

Defendant American Express terminated his employment in violation of the Family and

Medical Leave Act ("FMLA").  With this case, Mr. Domai has filed <u>three</u> lawsuits against

American Express for wrongful termination under the FMLA.  The undersigned[1]

RECOMMENDS the District Court dismiss Mr. Domai's claims against American

Express for failure to state a claim upon which this Court can grant relief because claim

preclusion bars the present case.

## RELEVANT BACKGROUND

Mr. Domai filed the present lawsuit on May 22, 2016 ("<u>Domai III</u>").  The Court

permitted Mr. Domai to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 ("IFP

statute") (ECF No. 2.)  Mr. Domai's Complaint alleges American Express terminated his

employment on May 20, 2011 in violation of the FMLA.  (Compl., ECF No. 3 at 9.)

Specifically, Mr. Domai alleges that "Jeff Shane [an American Express employee]

---

[1] On August 18, 2017, District Judge Dee Benson referred this case to the undersigned
Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

terminated the plaintiff while the plaintiff . . . was in the process or about to file for FMLA." (Id.)

In September 2017, Mr. Domai filed a motion to extend time to serve the Complaint. (ECF No. 6.) The Court set a hearing for October 4, 2017, (ECF No. 7), but Mr. Domai did not appear. (ECF No. 8.) Mr. Domai later asked the Court to reschedule that hearing. (ECF No. 9.) The Court granted Mr. Domai's request and rescheduled the hearing for October 26, 2017. (ECF No. 10.) On October 25, 2017, the day before the hearing, Mr. Domai filed a document, which among other things, indicated he intended to add claims for wrongful termination in violation of public policy, wrongful discharge from employment in breach of contract, termination of at will employment in violation of public policy, and breach of promise under promissory estoppel. (ECF No. 11 at 2.) The potential claims arise out of Mr. Domai's termination from American Express. (See id. at 10-23.) Mr. Domai attended the rescheduled hearing. (ECF No. 12.) At the hearing, Mr. Domai confirmed that the additional claims referenced in his October 25, 2017 filing relate to his termination.

Mr. Domai previously asserted claims against American Express arising out of his termination in two earlier cases filed in the District of Utah. Mr. Domai filed the first lawsuit against American Express (and two American Express employees not named in the present suit) on June 21, 2013 (Domai v. American Express, 2:13-cv-00567-TS (D. Utah) ("Domai I")). His complaint alleged violations of the FMLA. (Domai I, ECF No. 3 at 4.) The district judge denied Mr. Domai's motion for service of process and ordered him to file an amended complaint because his original complaint failed to comply with Federal Rule of Civil Procedure 8. (Id., ECF No. 7.) Mr. Domai submitted an amended

complaint adding additional American Express employees as defendants (not named in the present lawsuit) and additional causes of action, all based upon his alleged wrongful termination. (Id., ECF No. 8.)[2] The additional causes of action included wrongful termination in violation of public policy, breach of implied contract, breach of the covenant of good faith and fair dealing, and various civil rights claims. (Id.) On February 10, 2015, the district judge granted the defendants' motion to dismiss and dismissed the case pursuant to Federal Rule of Civil Procedure 41. (Id., ECF No. 52, attached as Exhibit 1.) The Clerk of Court entered judgment in that case on February 13, 2015. (Id., ECF No. 53.)

Mr. Domai filed the second lawsuit against American Express and six American Express employees (not named in the present suit), on July 30, 2015 (Domai v. American Express, 2:15-cv-00542-CW (D. Utah) ("Domai II")). His complaint alleges wrongful termination under the FMLA and racial discrimination. (Domai II, ECF No. 3 at 9-11.) As in the present lawsuit, Mr. Domai specifically alleges that "Jeff Shane [an American Express employee] terminated the plaintiff while the plaintiff was in the process or about to file for FMLA." (Id., ECF No. 3 at 11.) On September 21, 2016, the magistrate judge issued a report and recommendation recommending the district court grant an employee defendant's motion to dismiss on statute of limitation grounds, and further recommended, pursuant to his analysis under 28 U.S.C. § 1915(e)(2)(B)(ii), that the district court dismiss the case "in its entirety as to all Defendants" because the complaint failed to state a claim on which the court can grant relief. (Id., ECF No. 24 at

---

[2] Mr. Domai filed the complaint as a motion to amend the complaint, and the word "motion" appears in the caption of the filing, but the document constitutes the amended complaint. The parties and court treated the amended complaint as the operative complaint in the case going forward.

8, attached as Exhibit 2.) On October 18, 2016, the district judge adopted the magistrate judge's report and recommendation and dismissed the case. (Id., ECF No. 29, attached as Exhibit 3.) That order states: "the relevant statutes of limitation bar each of Mr. Domai's claims[,] and . . . neither the general federal savings statute nor the state savings statute applies in this case. [] As a consequence, Mr. Domai's Complaint fails to state a claim against any defendant." (Id., ECF No. 29 at 2.) The order further notes "that Mr. Domai's previous lawsuit, Domai v. American Express Corp., No. 2:13-cv-00567 (D. Utah), was dismissed on the merits, thus rendering the savings statutes irrelevant." (Id.) The Clerk entered judgment in the case on October 19, 2016. (Id., ECF No. 30.) A year later, on October 19, 2017, Mr. Domai filed a motion to set aside the district judge's order adopting the report and recommendation. (Id., ECF No. 33.) That motion remains pending.[3]

---

[3] After the dismissals of Domai I and Domai II, Mr. Domai filed seven separate lawsuits against American Express employees for violation of the FMLA arising out of his termination. (1) Domai v. Cheneault, Case No. 2:17-cv-445-BSJ (D. Utah) (American Express CEO). The district court dismissed the case for failure to prosecute. (ECF No. 8.) (2) Domai v. Tuttle, Case No. 2:17-cv-446-TC (D. Utah) (American Express senior vice president). The district court dismissed the case on statute of limitations grounds. (ECF No. 6.) (3) Domai v. Hauser, No. 2:17-cv-447-DB-DBP (D. Utah) (American Express senior vice president). This case remains pending. (4) Domai v. Pech, Case No. 2:17-cv-448-TS (D. Utah) (American Express vice president). The district court dismissed the case on claim preclusion grounds. (ECF No. 6.) (5) Domai v. Shane, No. 2:17-cv-449-TS (D. Utah) (American Express manager). The district court dismissed the case on claim preclusion grounds. (ECF No. 4.) (6) Domai v. Lepire, 2:17-cv-461-DN-BCW (D. Utah) (American Express human resources manager). The district court dismissed the case on statute of limitations grounds. (ECF No. 7.) (7) Domai v. Parker, 2:17-cv-462-JNP (American Express human resources vice president). The district court denied Mr. Domai permission to file the complaint based on the magistrate judge's recommendation finding his complaint meritless, frivolous, and duplicative. (ECF No. 7.) The court also designated Mr. Domai as a restricted filer. (Id.)

**STANDARD OF REVIEW**

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Courts construe the filings of pro se plaintiffs liberally and hold them to a less stringent standard than pleadings drafted by lawyers.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the required "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Id.

In assessing whether claim preclusion necessitates dismissal of a case, a court may take judicial notice of filings of decisions and records in prior cases involving the same parties.  Merswin v. Williams Cos., 364 F. App'x 438, 441 (10th Cir. 2010) (unpublished) ("district court can take judicial notice of its own decision and records in a prior case involving the same parties"); Tal v. Hogan, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (noting court's authority to take judicial notice of facts outside the record even when applying Rule 12(b)(6)).  Thus, the undersigned takes judicial notice of the decisions and records in the earlier federal cases Mr. Domai filed.

**DISCUSSION**

"Under the doctrine of res judicata, a final judgment on the merits of an action

precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Clark v. Haas Grp., Inc., 953 F.2d 1235, 1238 (10th Cir. 1992). "The fundamental policies underlying the doctrine of res judicata (or claim preclusion) are finality, judicial economy, preventing repetitive litigation and forum-shopping, and 'the interest in bringing litigation to an end.'" Plotner v. AT & T Corp., 224 F.3d 1161, 1168 (10th Cir. 2000) (quoting Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1258 (10th Cir. 1997)).[4]

The "[C]ourt applies federal law to determine the effect of a previous federal judgment." Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp., 296 F.3d 982, 986 (10th Cir. 2002). Claim preclusion requires the satisfaction of four elements:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

Nwosun, 124 F.3d at 1257.

Mr. Domai asserted claims against American Express alleging wrongful termination under the FMLA in two prior cases brought in the District of Utah—Domai I and Domai II. Those prior cases ended with judgments on the merits, and Mr. Domai had a full and fair opportunity to litigate his claims in those cases. Therefore, claim preclusion bars Mr. Domai's present case.

## A. Judgment on the Merits

The district court dismissed Domai I under Federal Rule of Civil Procedure 41. As the Court notes in Domai II, the dismissal under Rule 41 operates as a dismissal on

---

[4] Over the years, courts have shifted to the term "claim preclusion" rather than res judicata. Plotner, 224 F.3d at 1168 n.2 (citing Yapp v. Excel Corp., 186 F.3d 1222, 1226 n. 1 (10th Cir. 1999), as expressing a preference for the term "claim preclusion").

the merits.  <u>Domai II</u> (holding "Mr. Domai's previous lawsuit, <u>Domai v. American Express Corp.</u>, No. 2:13-cv-00567 (D. Utah), was dismissed on the merits . . ."), ECF No. 29 at 2); <u>see</u> <u>also</u> Fed. R. Civ. P. 41(b) (dismissal "operates as an adjudication on the merits"); <u>Pelt v. Utah</u>, 539 F.3d 1271, 1277 n. 4 (10th Cir. 2008) (quoting rule); 9 Arthur R. Miller, Fed. Practice & Procedure Civ. § 2373 ("As is stated clearly in the rule, and the extensive case law under the subdivision, a dismissal under Rule 41(b) or any other dismissal not provided for in Rule 41 will operate as an adjudication on the merits" except in certain circumstances).

The district judge's dismissal of <u>Domai II</u> for failure to state a claim also operates as a dismissal on the merits.  <u>See</u> <u>Slocum v. Corp. Exp. U.S. Inc.</u>, 446 F. App'x 957, 960 (10th Cir. 2011) (unpublished) ("[A] Rule 12(b)(6) dismissal is [] an adjudication on the merits (not a technical or procedural dismissal), since it requires an evaluation of the substance of a complaint."); <u>Osborn v. Shillinger</u>, 861 F.2d 612, 617 (10th Cir. 1988) (noting dismissal for failure to state a claim constitutes "a decision on the merits" for purposes of federal habeas review); <u>Nwosun</u>, 124 F.3d at 1257 (finding judgment on statute of limitations grounds constitutes judgment on the merits).

### B.  Identical Parties

The named parties in the present case—Mr. Domai and American Express—are parties in <u>Domai I</u> and <u>Domai II</u>.  Those cases included other named plaintiffs (American Express employees), but as relevant here, Mr. Domai brought all three cases against American Express.

### C.  Same Cause of Action

The Tenth Circuit applies the "transactional approach" to determine what constitutes the same cause of action.  See Plotner, 224 F.3d at 1169.  "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.  All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation."  Nwosun, 124 F.3d at 1257.

Mr. Domai bases Domai I, Domai II, and Domai III on the same transaction and event—Mr. Domai's May 2011 termination from American Express.  See Nwosun, 124 F.3d at 1257 ("Mr. Nwosun's discharge from employment is the transaction giving rise to the two complaints involved here.  . . . Since Nwosun I and Nwosun II both arise from plaintiff's discharge, they are based on the same cause of action.").  Further, in all three cases, Mr. Domai asserts that American Express terminated his employment in violation of the FMLA.  Domai I and Domai II involve additional claims and theories relating to Mr. Domai's discharge, including breach of contract and wrongful termination in violation of public policy in Domai I and racial discrimination in Domai II as noted above.  With or without these additional claims, Mr. Domai brings all of his cases in an attempt to undo the perceived wrong American Express committed in terminating him.  Thus, Domai III arises out of the same transaction, and thus the same cause of action, that Domai I and Domai II addressed—Mr. Domai's termination.

As to the additional claims Mr. Domai states he intends to allege, including wrongful termination in violation of public policy, breach of contract, and promissory estoppel, (Domai III, ECF No. 12), he either already specifically asserted them in Domai

I, (Domai I, ECF No. 3), or they nevertheless arise out of his termination from American Express. Because those claims arise out of Mr. Domai's termination, they constitute the same cause of action.

### D. Full and Fair Opportunity to Litigate

Finally, in examining whether Mr. Domai had a full and fair opportunity to litigate his claims in the prior cases, the Court must consider whether deficiencies existed in those cases that undermined "the fundamental fairness of the original proceedings." Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1334 (10th Cir. 1988); see also Morgan v. City of Rawlins, 792 F.2d 975, 979 (10th Cir. 1986) ("[I]f there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation, redetermination of the issues is warranted.")

Nothing in the record of Domai I or Domai II or raised in this case indicates deficiency or inadequacy in the prior proceedings. To the contrary, the court afforded Mr. Domai many opportunities to litigate his claims, despite his missing deadlines in both cases and failing to comply with the Rules of Civil Procedure and court orders. For example, in Domai I, the district judge initially denied the defendants' motion to dismiss under Federal Rules of Civil Procedure 37, 41, and 56. (Domai I, ECF No. 37.) The order acknowledged that Mr. Domai appeared pro se and, instead of dismissing his claims, notified Mr. Domai that if he elected not to participate in discovery or prosecute his claims that the court may at a later date dismiss his claims under Rules 37 and 41. (Id. at 3.) The district court also allowed Mr. Domai an additional thirty days to respond to the defendants' motion for summary judgment despite his failure to respond within the time allowed under the Rules. (Id.) The court only dismissed Mr. Domai's claims

after his continuing failure to participate in discovery or respond to the defendants' motion for summary judgment. (Id., ECF No. 52 at 1-2.) Mr. Domai also failed to respond to the defendants' motion for summary judgment in Domai II.[5] (Domai II, ECF No. 23.)

Mr. Domai had a full and fair opportunity to litigate his claims in the District of Utah. Furthermore, when the court dismissed Domai I and Domai II, Mr. Domai had the opportunity to appeal to the Tenth Circuit Court of Appeals but did not do so. See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States.").

## RECOMMENDATION

The Complaint meets all four elements of claim preclusion and, as a result, fails to state a claim upon which this Court can grant relief. Furthermore, permitting the case to proceed for a third time would waste judicial resources through the exact type of repetitive litigation that claim preclusion prohibits. Therefore, the undersigned RECOMMENDS the District Court dismiss Mr. Domai's claims against American Express pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which the Court can grant relief.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within

---

[5] Mr. Domai failed to appear for one of the scheduled hearings in the present case, as well. (ECF No. 8.)

fourteen (14) days of receiving it.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 31st day of October 2017.


BY THE COURT:


Honorable Evelyn J. Furse
United States Magistrate Judge

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GUY M. DOMAI,<br><br>                              Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CORPORATION,<br>et al.,<br><br>                              Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANT'S<br>RENEWED MOTION FOR DISMISSAL<br>PURSUANT TO RULES 37, 41, AND 56<br><br><br>Case No. 2:13-CV-567 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant American Express Corporation's Renewed Motion for Dismissal Pursuant to Federal Rules of Civil Procedure 37, 41, and 56. For the reasons discussed more fully below, the Court will grant Defendant's Motion.

Pro se Plaintiff Guy M. Domai filed his initial Complaint on June 26, 2013.[1] Since filing his Complaint, Plaintiff has missed numerous deadlines. After an initial pretrial conference, a scheduling order was entered that required each party's initial pretrial disclosures to be submitted by December 31, 2013.[2] To date, Plaintiff has not submitted his initial pretrial disclosures. On April 14, 2014, the Court granted Plaintiff an extension of time to file his Amended Complaint, which required Plaintiff to file his Amended Complaint by May 2, 2014.[3] To date, Plaintiff has not submitted his Amended Complaint.

---

[1] Docket No. 1.

[2] Docket No. 23.

[3] Docket No. 27.

On July 10, 2014, Defendant filed a Motion to Dismiss Pursuant to Rules 37, 41, and 56.[4] The Court denied Defendant's Motion without prejudice on October 15, 2014, and ordered Plaintiff to respond to Defendant's Rule 56 Motion within 30 days.[5]  The Court was clear that failure to respond could result in sanctions up to and including terminating sanctions.  Plaintiff did not comply with the Court's Order.  On November 17, 2014, Defendant renewed its Motion.[6] Plaintiff did not respond, but appeared to attempt to participate in discovery.

On February 4, 2015, the Court allowed Plaintiff one more opportunity to respond to Defendant's Rule 56 Motion and Renewed Motion to Dismiss.  The Court required a response by February 9, 2015.  The Court was clear that failure to respond would result in sanctions up to and including terminating sanctions.  Plaintiff did not comply, but filed a Status Report with excuses as to why he has not complied with the Court's Orders.[7]  Plaintiff also offered projected dates for when he may comply with the Court's Orders.[8]

The Court has given Plaintiff significant latitude, given his pro se status, but the Court's latitude has its limits.[9]  Although "pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other

---

[4] Docket No. 30.

[5] Docket No. 37.

[6] Docket No. 40.

[7] Docket No. 49.

[8] *Id.*

[9] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) ("as we often reiterate, the generous construction that we afford pro se pleadings has limits, and we must avoid becoming the plaintiff's advocate").

litigants."[10]  Plaintiff has had almost seven months to respond to Defendant's Motions.  In its most recent order, the Court left no doubt that it would terminate Plaintiff's claims if he failed to oppose Defendant's Rule 56 Motion and Renewed Motion.

Rule 41 provides in relevant part, "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim."[11]

The Court considers several factors before dismissing a case under Rule 41 including, "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[12]  Each of these factors weighs in favor of dismissing Plaintiff's claims.  Therefore, the Court will dismiss Plaintiff's claims.

It is therefore

ORDERED that Defendant American Express Corporation's Renewed Motion for Dismissal Pursuant to Rule 37, 41, and 56 (Docket No. 40) is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

---

[10] *Whatcott v. City of Provo*, 231 F.R.D. 627, 630 (D. Utah 2005) *aff'd*, 171 F. App'x 733 (10th Cir. 2006) (dismissing pro se matter for failure to prosecute).

[11] Fed. R. Civ. P. 41(b).

[12] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994).

DATED this 10th day of February, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

Exhibit 2

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **GUY M. DOMAI,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | |
| **AMERICAN EXPRESS TRAVEL RELATED SERVICES; JEFF SHANE, an individual; KRIS HAUSER, an individual; STEVE TUTTLE, an individual; KEN CHENAULT, an individual; MARIANNE STEINKE, an individual; and AL PECK, an individual;** | **Case No. 2:15-cv-542-CW-PMW** |
| **Defendants.** | **District Judge Clark Waddoups**<br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) Jeff Shane's ("Shane") Motion to Dismiss[2] and (2) Guy Domai's ("Plaintiff") Motion for Entry of Default.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 4.

[2] *See* docket no. 9.

[3] *See* docket no. 18.

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  The court also recognizes that Plaintiff has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[4] Accordingly, and in addition to the specific motions referenced above, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RELEVANT BACKGROUND

Plaintiff's complaint seeks millions of dollars in damages against his former employer, American Express ("Amex"), and several supervisors, including Shane, for alleged "discriminatory discipline" and for terminating Plaintiff's employment in violation of the Family and Medical Leave Act ("FMLA").  Specifically, Plaintiff alleges that Amex, Shane, Kris Hauser, Ken Chenault, Marianne Stinky, Steve Tuttle, and Al Pech (collectively, "Defendants") discriminated against him based on race by placing him on an unwarranted "performance improvement plan."[5]  Plaintiff also contends that Defendants terminated his employment in violation of FMLA.

Shane sent Plaintiff a letter dated May 23, 2011, informing Plaintiff that his employment was terminated effective May 20, 2011.  Plaintiff received a right to sue letter from the EEOC dated July 29, 2013.

---

[4] *See* docket no. 1.

[5] Docket no. 3 at 9.

In his complaint, Plaintiff acknowledges that he previously filed "a case against the same defendant . . . about 2 years [ago but]. . . . [t]he case was dismissed."[6]  On June 26, 2013, Plaintiff filed a lawsuit against Amex and Shane (and a third defendant not named here) for violations of FMLA.[7]  The case was assigned to District Judge Ted Stewart who denied Plaintiff's motion for service of process and ordered Plaintiff to file an amended complaint because his original complaint was deficient in many respects.[8]  Plaintiff submitted an amended complaint adding the above-mentioned defendants (as well as others) and additional causes of action, all based upon his alleged wrongful termination.[9]  Judge Stewart granted the defendants' motion to dismiss on February 10, 2015.[10]

In the instant case, Plaintiff asserts that he is "refiling this law suit under the statutes of the [s]avings doctrine which allows [P]laintiff to refile their [sic] cases within 6 months if the case has been dismissed for reasons other than merit."[11]  Plaintiff contends that his "case was dismissed because [he] failed to respond to [Judge Stewart's] request to file a response to the

---

[6] Docket no. 3-1.

[7] *See Domai v. American Express*, Case No. 2:13-cv-567, docket no. 3 (hereinafter, "Domai I")

[8] *See Domai I*, docket no. 7.

[9] *See Domai I*, docket no. 8.  However, it does not appear that Plaintiff's amended complaint was ever placed on the docket as an amended complaint nor were the new defendants added to the docket; it appears solely as a motion to amend/correct the original complaint.

[10] *See Domai I*, docket no. 52.

[11] Docket no. 3-1.

defendant['s] request for summary judgment."[12]  Plaintiff filed the instant action on July 31, 2015.[13]

## STANDARD OF REVIEW

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the court "look[s] for plausibility in th[e] complaint."  *Id.* at 1218 (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the

---

[12] Docket no. 3-1.

[13] *See* docket no. 3.

4

proper function of the district court to assume the role of advocate for the pro se litigant,"

*Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a

legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v.*

*White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the
> burden of alleging sufficient facts on which a recognized legal claim could be based. . . .
> [C]onclusory allegations without supporting factual averments are insufficient to state a
> claim on which relief can be based.  This is so because a prose plaintiff requires no
> special legal training to recount the facts surrounding his alleged injury, and he must
> provide such facts if the court is to determine whether he makes out a claim on which
> relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint,
> the court need accept as true only the plaintiff's well-pleaded factual contentions, not his
> conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).  With these standards in mind, the court now turns

to the motions before the court, as well as the substance of Plaintiff's complaint under the IFP

statute.

## DISCUSSION

### I.       Shane's Motion to Dismiss

Shane moves the court for a dismissal of Plaintiff's complaint on the grounds that

Plaintiff's claims are barred by the applicable statutes of limitation.  Plaintiff has not responded

to Shane's motion, and the time for doing so has long since passed.  *See* Fed. R. Civ. P. 6;

DUCivR 7-1(b)(3)(A).  That alone is a basis for granting Shane's motion to dismiss.  *See*

DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the

motion without further notice.").  That notwithstanding, the court will address the merits of the

Shane's arguments in support of its motion to dismiss.

As noted by Shane, it is unclear whether Plaintiff is asserting claims for employment discrimination under Title VII (42 U.S.C. § 2000e) or the civil rights statute (42 U.S.C. § 1981). Under Title VII, the claim must be brought within ninety days after receiving a Notice of Right to Sue Letter from the EEOC.  *See* 42 U.S.C. § 2000e–5(f)(1); *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429 (10th Cir) ("[A] complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter.").  Plaintiff's right to sue letter is dated July 29, 2013, and thus his recent complaint was filed well beyond the ninety day time limit.

To the extent Plaintiff's discrimination claim is brought under § 1981, it must be brought within four years.  *See* 28 U.S.C. § 1658; *Aman v. Dillon Companies, Inc.*, 645 Fed. Appx. 719, 723 (10th Cir. 2016) (recognizing that an employee "must file a civil complaint under § 1981 within four years of the alleged conduct").  Plaintiff was terminated on May 20, 2011.  As such, that is the date that the statute of limitations begins to run for § 1981 claims.  Because Plaintiff's most recent complaint was not filed until July 31, 2015, his action is untimely.

With respect to FMLA, the statute of limitations is generally two years.  *See* 29 U.S.C. § 2617(c)(1).  However, the time is extended to three years if there has been a willful violation. *See id.* § 2617(c)(2).  Thus, even assuming Plaintiff is alleging a willful violation of FMLA (it is not clear from his complaint), his claim is still time-barred.

Plaintiff attempts to circumvent these statutes of limitation by asserting that the federal savings statute, *see* 1 U.S.C. § 109, and the Utah savings statute, *see* Utah Code Ann. § 78B-2-111(1), permit him to refile his complaint within six months of the previous dismissal.[14] However, Plaintiff's argument fails for several reasons.  First, the federal savings statute "was

---

[14] *See* docket no 3-1.

primarily enacted to cover criminal cases and to undo the common-law rule abating prosecution upon the repeal of a statute."  *United States v. Goncalves*, 642 F.3d 245, 252 (1st Cir. 2011). Thus, it is not applicable in this civil matter.  Second, the Utah savings statute does not apply to claims arising under federal statutes containing limitations provisions.  *See Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter."); *see also* 4 Fed. Prac. & Proc. Civ. § 1056 ("In the far more common situation in which the relevant federal statute does contain a specific limitations provision, . . . state grace provisions will not be applied following a dismissal of the action.").  Because each of Plaintiff's claims arise under federal statutes that contain limitations provisions as discussed above, the Utah savings statute does not apply.

And, most importantly, Plaintiff's previous lawsuit *was* decided on the merits thus rendering any savings statute irrelevant.  In *Domai I*, Judge Stewart dismissed Plaintiff's complaint pursuant to Rules 37, 41, and 56 of the Federal Rules of Civil Procedure.  A dismissal under Rule 56 is without question a dismissal on the merits.  *See* 10A Fed. Prac. & Proc. Civ. § 2719.  And on the face of Rule 41, it also "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *see* 9 Fed. Prac. & Proc. Civ. § 2373 ("As is stated clearly in the rule, and the extensive case law under the subdivision, a dismissal under Rule 41(b) or any other dismissal not provided for in Rule 41 will operate as an adjudication on the merits").

Accordingly, this court concludes that statutes of limitation relevant to Plaintiff's claims are not tolled by the savings statutes cited in Plaintiff's complaint.  As such, Plaintiff's claims against Shane are barred by the applicable statutes of limitation and should therefore be dismissed.

**II.      Review of Plaintiff's Complaint Under IFP Statute**

As noted above, this court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Even when the court liberally construes Plaintiff's complaint, the court concludes that Plaintiff has failed to provide any well-pleaded factual allegations to support his alleged claims for relief.  Ordinarily, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay*, 500 F.3d at 1217 (quotations and citation omitted).  Because Plaintiff cannot cure the defects in his complaint, it would be futile to permit him to amend his complaint.  Accordingly, this court concludes that Plaintiff's claims as to the remaining defendants fail on the same basis as the claims against Shane.  Thus, Plaintiff's complaint should be dismissed in its entirety.

**III.      Plaintiff's Motion for Default**

Because this court recommends that Plaintiff's complaint be dismissed in its entirety, Plaintiff's motion for default is rendered moot.

<u>**CONCLUSION AND RECOMMENDATION**</u>

Based on the foregoing, this court concludes that Plaintiff's claims are barred by the applicable statutes of limitation.  As such, this court recommends that Shane's motion to dismiss be **GRANTED**, Plaintiff's motion for default be rendered **MOOT**, and Plaintiff's complaint be **DISMISSED** in its entirety as to all Defendants.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties

must file any objection to this Report and Recommendation within fourteen (14) days after being

served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may

constitute waiver of objections upon subsequent review.

      DATED this 9th day of September, 2016.

                                    BY THE COURT:

                                    PAUL M. WARNER

                                    United States Magistrate Judge

Exhibit 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS TRAVEL RELATED SERVICES; JEFF SHANE, an individual; KRIS HAUSER, an individual; STEVE TUTTLE, an individual; KEN CHENAULT, an individual; MARIANNE STEINKE, an individual; and AL PECK, an individual;<br><br>      Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:15-cv-542-CW-PMW<br><br>Judge Clark Waddoups |

   This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Dkt. No. 4.) The Court granted Plaintiff Guy M. Domai's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.) On September 9, 2016, Judge Warner issued a Report and Recommendation recommending that the court grant Defendant Jeff Shane's Motion to Dismiss (Dkt. No. 9) on the grounds that all of Mr. Domai's claims are barred by the applicable statutes of limitation, as well as Judge Warner's *sua sponte* analysis, as required under 28 U.S.C. § 1915(e)(2)(B)(ii), that the Complaint fails to state a claim on which relief can be granted. (Dkt. No. 24.) Based on these findings, Judge Warner also recommended the court find Mr. Domai's Renewed Motion for Default (Dkt. No. 18) moot. Mr. Domai has not objected to these recommendations, and the time for doing so has passed.[1]

---

[1] Mr. Domai had fourteen days after service of Judge Warner's Report and Recommendation

The court agrees with Judge Warner's conclusion that the relevant statutes of limitation bar each of Mr. Domai's claims and that neither the general federal savings statute nor the state savings statute applies in this case. (*See* Dkt. No. 24, p. 6–7.) As a consequence, Mr. Domai's Complaint fails to state a claim against any defendant. *See Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (unpublished) ("And although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'") (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)).

The court also agrees with Judge Warner's conclusion that Mr. Domai's previous lawsuit, *Domai v. American Express Corp.*, No. 2:13-cv-00567 (D. Utah), was dismissed on the merits, thus rendering the savings statutes irrelevant. (*See* Dkt. No. 24, p. 7.) However, the court clarifies that Judge Stewart's opinion dismissing the previous lawsuit appears to dismiss Mr. Domai's case under Federal Rule of Civil Procedure 41. *See Domai v. Am. Exp. Corp.*, No. 2:13-CV-567-TS, 2015 WL 566602, at *1 (D. Utah Feb. 10, 2015) (unpublished). The court need not

---

within which to object. *See* Fed. R. Civ. P. 72(b) (providing that objections must be filed within fourteen days after service of the Report and Recommendation); Fed. R. Civ. P. 6(a), (d) (explaining how to compute time and providing that where service is by mail the court should calculate the time within which a party must respond by adding three days after the period that would otherwise expire). Because Judge Warner's Report and Recommendation issued on September 9, 2016, the rules required Mr. Domai to object by September 26, 2016 for the objection to be timely. On October 11, 2016, Mr. Domai filed a document entitled "Motion for Continuance" (Dkt. No. 26). On October 13, 2016, Mr. Domai filed a "Notice of Intent to Proceed with Litigation" and another "Request for continuance" (Dkt. Nos. 27 & 28). These documents do not object to the substance of Judge Warner's Report and Recommendation, but appear to seek further time in which to object. (*See id.*) Without a timely objection, the court has the discretion to review the Report and Recommendation under a less-demanding standard. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The court declines to do so in this case and reviews Judge Warner's Report and Recommendation *de novo*—the standard of review most generous to Mr. Domai. Upon consideration of Judge Warner's recommendations and Mr. Domai's Complaint, the court finds the motions for continuance moot (Dkt. Nos. 26 & 28).

determine whether Judge Stewart also dismissed the case pursuant to Federal Rules of Civil Procedure 37 or 56, as Judge Warner states in the Report and Recommendation. (*See* Dkt. No. 24, p. 7.) Barring exceptions not applicable here, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see* 9 Fed. Prac. & Proc. Civ. § 2373 ("As is stated clearly in the rule, and the extensive case law under the subdivision, a dismissal under Rule 41(b) or any other dismissal not provided for in Rule 41 will operate as an adjudication on the merits"). Thus, Mr. Domai's previous lawsuit was plainly dismissed on the merits.

Accordingly, upon *de novo* review of its findings and with the clarification discussed above, the court APPROVES AND ADOPTS Judge Warner's Report and Recommendation (Dkt. No. 24). The court hereby GRANTS Defendant Jeff Shane's Motion to Dismiss (Dkt. No. 9) and DISMISSES the Complaint. The court also DENIES as moot Mr. Domai's motion for default (Dkt. No. 18) and motions for continuance (Dkt. Nos. 26 & 28). The case is therefore closed.

SO ORDERED this 17th day of October, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge

3