IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GUY M. DOMAI,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-460-DB<br><br>District Judge Dee Benson |

  Before the court is the Report and Recommendation issued by United States Magistrate Judge Evelyn J. Furse on October 31, 2017, recommending dismissal of this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which the court can grant relief. (Dkt. No. 13.) The parties were notified of their right to file objections to the Report and Recommendation within 14 days of service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff submitted an Objection to the Order, as well as additional filings related to the Objection, on November 3, 2017, November 8, 2017, November 14, 2017, and January 4, 2018. In those filings, Plaintiff argued for and submitted a proposed amended complaint to include new parties and claims. (Dkt. Nos. 14, 16, 17, and 19.)

  The court has performed a de novo review, including a review of the record that was before the magistrate judge and the reasoning set forth in her Report and Recommendation. The court agrees with the reasoning and assessment of Judge Furse. All four elements of claim preclusion are met with respect to Plaintiff's Complaint. (Dkt. No. 3.) The court must now

analyze the effect of Plaintiff's proposed amendment—submitted in the form of an Objection—on that Report and Recommendation.

The Proposed Amendment

In his proposed amended complaint, Plaintiff seeks to add five new parties—Stephen Squeri, the current CEO of American Express; Kevin Cox, Chief Human Resources Officer of American Express; Global Servicing Network, the "business unit that carries the Global Automation Deployment Team which was the plaintiff's team"; Global Automation Deployment, for which Plaintiff provides no description; and American Express Travel Related Services, Inc., the business entity Plaintiff seems to allege was his actual employer. (Dkt. No. 16, 19.) Plaintiff also seeks to include "new"[1] claims for: breach of promise under promissory estoppel; wrongful discharge in violation of public policy; wrongful discharge from employment in breach of contract; and termination of at will employment in violation of public policy.

The facts Plaintiff alleges to support the amendment are the same as those submitted to this court previously in two other cases: *Domai v. American Express*, 2:13-cv-567-TS (D. Utah) ("Domai I") and *Domai v. American Express*, 2:15-cv-542-CW (D.Utah) ("Domai II"), as well as in the Complaint on file in this matter. Plaintiff alleges that in May 2011, he called in sick to work for several days. (Dkt. No. 19 at 7.) Plaintiff then received a letter from Jeff Shane on May 17, 2017, advising him that he was a "no show no call" and advising him to "contact Sedgwick CMS immediately" to request FMLA leave. (*Id.*) On May 19, 2011, Plaintiff submitted a

---

[1] The claims that Plaintiff proposes to include in his Amended Complaint were considered by Judge Furse in her Report and Recommendation. *See* Dkt. No. 13 at 8-9. As Judge Furse observed, some of the "new" claims proposed by Plaintiff were already asserted in Domai I, and all of Plaintiff's claims arise out of Plaintiff's termination from American Express. Accordingly, under the "transactional approach" used by the Tenth Circuit, those claims are barred from subsequent litigation.

2

doctor's note to Mr. Shane, requesting that Plaintiff "be excused until the 22nd of May 2011." (*Id.* at 8.) Plaintiff's employment was terminated on or about May 20, 2011. (*Id.* at 6.) All of Plaintiff's claims as currently pled, as well as the proposed additional claims, stem from the termination of Plaintiff's employment in May 2011.

Analysis

Plaintiff's filings seek to add new parties and claims. Accordingly, the court analyzes it as a motion to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, refusal of leave to amend is "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* Whether leave to amend should be granted is within the trial court's discretion. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F.2d 1127 (10th Cir.1987).

With respect to the newly proposed individual defendants, Mr. Squeri and Mr. Cox, Plaintiff's proposed amended complaint is futile, because Plaintiff has provided no facts to support a finding of individual liability against those proposed defendants under any of the theories proposed by Plaintiff. Neither individual had any contact with Plaintiff while he was employed, and neither individual was involved in any way with Plaintiff's termination. Plaintiff merely alleges that these individuals were policymakers at American Express and that those policies were violated with respect to his termination. Those allegations, even if true, do not

support a finding of individual liability with respect to those defendants. Accordingly, an amendment to add those individuals as defendants would be futile.

Plaintiff's proposed amendment is also futile with respect to "Global Servicing Network" and "Global Automation Deployment" because those "parties" do not appear to be business entities. Rather, Plaintiff seems to allege that these are groups within American Express. As discussed by Judge Furse, Plaintiff's claims against American Express Corp. have already been litigated on their merits, and Plaintiff cannot attempt to circumvent that process by naming sub-groups within that legal entity.

Finally, Plaintiff appears to allege that American Express Travel Related Services, Inc., rather than American Express Corp., was his employer and that he should be allowed to amend to bring claims against that entity. Factually, this claim is difficult to square with Plaintiff's allegations in Domai I and Domai II that he was employed by American Express Corp. and American Express Corp.'s response to those allegations. However, even disregarding that factual inconsistency, Plaintiff's proposed amendment would not be in the interests of justice. *See* Fed. R. Civ. P. 15(a).

In the Tenth Circuit, several factors guide courts in considering whether to allow amendment of a complaint, including "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Furthermore, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365

(quoting *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991); *Las Vegas Ice,* 893 F.2d at 1185; *First City Bank,* 820 F.2d at 1133). And "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (quoting *Las Vegas Ice,* 893 F.2d at 1185).

All of these factors weigh against allowing Plaintiff's proposed amended complaint. First, Plaintiff has already litigated two other cases in this district premised on identical facts raised in his proposed amended complaint. It is unduly prejudicial to Plaintiff's employer to litigate multiple lawsuits, after having received a judgment on the merits with respect to Plaintiff's termination. Second, Plaintiff knew or should have known the identity of his employer during his employment and after its termination, and he failed to include American Express Travel Related Services, Inc. in any of his previously filed complaints. Third, in light of Plaintiff's two previous lawsuits, which were filed in 2013 and 2015, Plaintiff's proposed amendment is unduly and inexplicably delayed, even taking into consideration Plaintiff's status as a pro se litigant. Fourth, Plaintiff has had many opportunities during this lawsuit and his two previous suits to state a claim upon which relief may be granted and has failed to do so. Finally, Plaintiff's proposed amendment is not submitted in good faith—Plaintiff has named myriad parties in this lawsuit and his previous two, and has now named new entities to try to sidestep Magistrate Judge Furse's Report and Recommendation. The court does not, in its discretion, find that an amendment to Plaintiff's complaint would be appropriate here. Accordingly, the Report and Recommendation of Magistrate Judge Furse is hereby adopted in its entirety.

Conclusion

The Report and Recommendation issued by United States Magistrate Judge Evelyn J. Furse on October 31, 2017, recommending dismissal of this case pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which the court can grant relief is ADOPTED and this case is DISMISSED with prejudice.

DATED this 28th day of February, 2018.

BY THE COURT:

Dee Benson
United States District Judge